UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**GWEN N. SUKOWATY,**

    **Plaintiff,**

v.                              Case No. 20-CV-23

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security[1],**

    **Defendant.**

---

### DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

---

On July 17, 2020, I reversed the Social Security Commissioner's decision denying Gwen N. Sukowaty's claim for disability insurance benefits and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 17.) I granted Sukowaty's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on September 30, 2020 and awarded $5,098.00 in fees. (Docket # 24.) On remand, Sukowaty appeared before an Administrative Law Judge who approved her claim for disability insurance benefits. (Docket # 25-1.) The Social Security Administration issued a Notice of Award letter dated May 3, 2021, stating that the Administration was withholding $16,949.38, which amounts to 25% of her past due benefits, to pay her attorney. (*Id.* at 3.) Sukowaty was represented by counsel before the ALJ on remand and this attorney requested and obtained approval of fees in the amount of $9,000.00 for her work before the Administration. (Docket # 25 at ¶ 6, Docket # 25-2.)

---

[1]The court has changed the caption to reflect Kilolo Kijakazi's recent appointment as acting commissioner.

Sukowaty agreed to pay her attorney 25% of her past-due benefits award. (Docket # 25-3.) Again, the Administration withheld $16,949.38, from her past-due benefits to pay her representative. Sukowaty's counsel, Attorney Donald Chewning, requests the Court award him the remainder of the 25% of the past due benefits withheld, specifically, $7,949.38 ($16,949.38-$9,000.00 = $7,949.38). (Docket # 25 at ¶ 7.)[2] Attorney Chewning represents that if Sukowaty is awarded fees under § 406(b), she will be refunded the $5,098.00 he was awarded in EAJA fees. (*Id.* at ¶ 12.) *See Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant"). The Commissioner does not object to the fee request. (*Id.* ¶ 13.)

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results

---

[2] It should be noted that it seems the Administration continues to withhold a single pool of 25% of the past-due benefits to pay fees under both § 406(a) and § 406(b) even though the Supreme Court has explicitly stated that the statutory text contains separate caps on fees for each type of representation and authorizes two pools of withheld benefits. *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). Thus, Attorney Chewning need not reduce his § 406(b) award by the $9,000.00 counsel was awarded to represent Sukowaty at the administrative level. Given Counsel's decision puts more money in the pocket of his disabled client, it is an understandable and admirable choice.

obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, Sukowaty entered into a 25% contingency fee agreement with counsel. Twenty-five percent of her total past due benefits equals $16,949.38. Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed twenty-five percent of the past-due benefits.

However, within the twenty-five percent boundary, Counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 25.92 hours of legal work spent in this case. (Docket # 25 at ¶ at 11, Docket # 25-4.) He argues that pursuant to the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." (*Id.* at ¶ 10, citing *Hensley*, 461 U.S. at 435.) Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Sukowaty, who was awarded disability insurance benefits and was awarded back benefits to July 2017. (Docket # 25-1.) I further find the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $7,949.38 for 25.92 hours of work equates to an hourly fee of approximately $306.69/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v.*

3

*Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 25) is hereby **GRANTED**. Attorney Donald Chewning is awarded fees in the amount of $7,949.38.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Chewning is directed to refund $5,098.00, representing fees that were previously awarded under the EAJA, directly to Sukowaty.

Dated at Milwaukee, Wisconsin this 22nd day of September, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

4

Case 1:20-cv-00023-NJ   Filed 09/22/21   Page 4 of 4   Document 26